**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(Western Division)**

| | | |
|---|---|---|
| RORY HEATON, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | (Law) |
| AMERISTAR CASINO COUNCIL BLUFFS, INC., an Iowa corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Rory Heaton, for his Complaint against Defendant, states and alleges as follows:

## PARTIES

1. Plaintiff, Rory Heaton ("Plaintiff"), is an individual residing in Bellevue, Sarpy County, Nebraska.

2. Defendant, Ameristar Casino Council Bluffs, Inc. ("Ameristar"), is an Iowa corporation with its principal place of business in Council Bluffs, Pottawattamie County, Iowa and has, on information and belief, in excess of 15 employees.

## JURISDICTION AND VENUE

3. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

4. Plaintiff timely filed discrimination charges against Ameristar with the Iowa Civil Rights Commission ("ICRC"), as well as with the Equal Employment Opportunity Commission ("EEOC"). On December 19, 2013, a Notice of Right to Sue Letter was issued by the EEOC, and on January 15, 2014 the Iowa Civil Rights Commission issued a Right

.

to Sue Letter, as to Plaintiff's charge of discrimination against Ameristar. Copies of those letters are attached hereto as Exhibits "A" and "B" respectively and are incorporated herein by this reference. Plaintiff has filed this suit within 90 days of the EEOC's issuance of the Notice of Right to Sue Letter, and within 90 days of the ICRC's issuance of the Right to Sue Letter. Accordingly, Plaintiff has satisfied all jurisdictional and administrative prerequisites to the filing of this Complaint.

5.  Venue is appropriate under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in this judicial district.

## BACKGROUND

6.  At all relevant times herein, Plaintiff was employed by Ameristar as a card dealer for its casino games.

7.  At the time he was hired in 2006, Ameristar was aware that Plaintiff was a right-leg amputee and required the use a prosthetic leg or wheel chair while at work. Despite certain physical and medical limitations associated with being a right-leg amputee, Plaintiff was able to perform the essential functions of his job as a card dealer.

8.  When necessary, Ameristar accommodated Plaintiff's physical limitations by allowing Plaintiff to sit on a stool while dealing cards at "stand up" tables and also allowing him to deal cards at the "sit down" table during his work shift.

9.  In early March of 2013, Plaintiff tore the Achilles tendon in his left leg. Due to the injury, and his permanent impairment as a right-leg amputee, Plaintiff was unable to stand at work for extended periods of time.

to Sue Letter, as to Plaintiff's charge of discrimination against Ameristar. Copies of those letters are attached hereto as Exhibits "A" and "B" respectively and are incorporated herein by this reference. Plaintiff has filed this suit within 90 days of the EEOC's issuance of the Notice of Right to Sue Letter, and within 90 days of the ICRC's issuance of the Right to Sue Letter. Accordingly, Plaintiff has satisfied all jurisdictional and administrative prerequisites to the filing of this Complaint.

5. Venue is appropriate under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in this judicial district.

## BACKGROUND

6. At all relevant times herein, Plaintiff was employed by Ameristar as a card dealer for its casino games.

7. At the time he was hired in 2006, Ameristar was aware that Plaintiff was a right-leg amputee and required the use a prosthetic leg or wheel chair while at work. Despite certain physical and medical limitations associated with being a right-leg amputee, Plaintiff was able to perform the essential functions of his job as a card dealer.

8. When necessary, Ameristar accommodated Plaintiff's physical limitations by allowing Plaintiff to sit on a stool while dealing cards at "stand up" tables and also allowing him to deal cards at the "sit down" table during his work shift.

9. In early March of 2013, Plaintiff tore the Achilles tendon in his left leg. Due to the injury, and his permanent impairment as a right-leg amputee, Plaintiff was unable to stand at work for extended periods of time.

10. Prior to returning to work, Plaintiff informed Ameristar's Human Resources Department of his torn Achilles tendon. Plaintiff's physician also provided Ameristar with letters from his treating physician setting forth his medical condition and work restrictions limiting the amount of time Plaintiff could stand at work.

11. Initially, Ameristar accommodated Plaintiff's disabilities and restrictions by allowing him to work at the sit-down card table. However, beginning on April 8, 2013, Plaintiff's shift supervisor, Reese, refused to accommodate Plaintiff's disability, including Plaintiff's request to work at the sit-down card table. Specifically, Reese told Plaintiff that if he could not work at the sit-down table and that he should request leave under the Family Medical Leave Act ("FMLA") and not return to work until his leg was 100% healthy.

12. Because of Reese's refusal to accommodate Plaintiff's disabilities and work restrictions, Plaintiff was subsequently forced to miss work or leave work early because of pain in his leg.

13. On April 21, 2013, Ameristar elected to terminate Plaintiff's employment because of "excessive absenteeism".

**FIRST CLAIM FOR RELIEF**
**(American with Disabilities Act - 42 U.S.C.A. § 12101 et seq.)**

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 13, as if fully set forth herein.

15. Ameristar is an employer as defined by 42 U.S.C.A. § 12111(5)(A).

16. Plaintiff was an employee of Ameristar as defined by 42 U.S.C.A. § 12111(4).

17.     Plaintiff was a "qualified individual" as defined by 42 U.S.C.A. §12111(8) who, with or without reasonable accommodations, was able to perform the essential functions of the employment position he held with Ameristar.

18.     Beginning on or about April 8, 2013, Ameristar discriminated against Plaintiff in violation of the American with Disabilities Act, as amended, by denying Plaintiff reasonable accommodations in the workplace.

19.     On April 21, 2013, Ameristar discriminated against Plaintiff in violation of the American with Disabilities Act, as amended, by terminating Plaintiff's employment because of an actual or perceived disability.

20.     Ameristar's violations of the American with Disabilities Act, as amended, has proximately caused Plaintiff to suffer special damages consisting of lost wages, plus general damages.

WHEREFORE, Plaintiff requests that judgment be entered in his favor in an amount to be determined at trial, encompassing back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs, and for such other amounts as allowed by law.

## SECOND CLAIM FOR RELIEF
**(Retaliation Under the American with Disabilities Act - 42 U.S.C.A. §12203(a))**

21.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 20 above, as if fully set forth herein.

22.     While employed by Ameristar, Plaintiff engaged in activity protected under the American with Disabilities Act by requesting reasonable accommodations in the workplace for his actual disability.

4

23.     Beginning on April 8, 2013, Ameristar took adverse employment action against Plaintiff by refusing to accommodate his actual disability, performing negative employment evaluations, and subsequently terminating his employment on April 21, 2013.

24.     As a direct result of Ameristar's retaliation, Plaintiff suffered special damages consisting of lost wages, plus general damages.

WHEREFORE, Plaintiff requests that judgment be entered in his favor in an amount to be determined at trial, encompassing back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs, and for such other amounts as allowed by law.

### THIRD CLAIM FOR RELIEF
(Iowa Civil Rights Act - I.C.A. §216.6)

25.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 24 above, as if fully set forth herein.

26.     Ameristar is an employer as defined by I.C.A. §216.2(7).

27.     Plaintiff was an employee of Ameristar as defined by I.C.A. §216.2(6).

28.     Plaintiff is suffers from a "disability" as defined by I.C.A. §216.2(5).

29.     Plaintiff is otherwise qualified, with or without reasonable accommodation, to perform the essential functions of the employment position he held with Ameristar.

30.     Beginning on or about April 8, 2013, Ameristar discriminated against Plaintiff in violation of the Iowa Civil Rights Act by denying Plaintiff reasonable accommodations in the workplace.

31.     On April 21, 2013, Ameristar discriminated against Plaintiff in violation of the Iowa Civil Rights Act by terminating Plaintiff's employment because of an actual or perceived disability.

32. Ameristar's violations of the Iowa Civil Rights Act has proximately caused Plaintiff to suffer special damages consisting of lost wages, plus general damages.

WHEREFORE, Plaintiff requests that judgment be entered in his favor in an amount to be determined at trial, encompassing back pay, front pay, compensatory damages, attorney's fees, costs, and for such other amounts as allowed by law.

### FOURTH CLAIM FOR RELIEF
### (Retaliation under the Iowa Civil Rights Act - I.C.A. §216.11(2))

33. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 32 above, as if fully set forth herein.

34. While employed by Ameristar, Plaintiff engaged in activity protected under the Iowa Civil Rights Act by requesting reasonable accommodations in the workplace for his actual disability.

35. Beginning on April 8, 2013, Ameristar took adverse employment action against Plaintiff by refusing to accommodate his actual disability, performing negative employment evaluations, and subsequently terminating his employment on April 21, 2013.

36. As a direct result of Ameristar's retaliation, Plaintiff suffered special damages consisting of lost wages, plus general damages.

WHEREFORE, Plaintiff requests that judgment be entered in his favor in an amount to be determined at trial, encompassing back pay, front pay, compensatory damages, attorney's fees, costs, and for such other amounts as allowed by law.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues in Council Bluffs, Iowa.

                RORY HEATON, Plaintiff


                By:  /s/ Patrick M. Flood
                Patrick M. Flood, #9722
                HOTZ, WEAVER, FLOOD & BREITKREUTZ
                444 Regency Parkway Drive, Suite 310
                Omaha, Nebraska 68114
                (402) 397-1140
                (402) 397-1199 (facsimile)
                Attorney for Plaintiff